UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MISTY LAZENBY,

    Plaintiff,

v.

CRYSTAL ENTERPRISES, INC. ,

    Defendant.
_____/

Hon Janet T. Neff.

Case No. 1:14-cv-00120

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Crystal Enterprises, Inc.'s Renewed and Amended Renewed Motion to Dismiss (Dkt. Nos. 108, 112), which were referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B), as well as an Order to Show Cause (Dkt. No. 114) issued to plaintiff that she appear personally and show cause why the motion(s) should not be granted.

After various wrangling and attempts to get plaintiff and her counsel to cooperate in the discovery process, including attempts to complete plaintiff's deposition, defendant filed a motion to compel and for sanctions (Dkt No. 75) which was granted (Dkt. No. 83). Plaintiff was ordered to produce various items and to pay a $150 deposition cancellation fee. The ordered items were not produced; plaintiff's deposition was scheduled but plaintiff did not appear; and defendant Crystal Enterprises, Inc. filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(b)(2), (d), and 41(b) for failure to comply with the discovery order (Dkt. No. 89).

In chambers and in a hearing held March 10, 2015, the undersigned, while not unsympathetic to plaintiff's counsel's ongoing health issues, reminded plaintiff's counsel that the case would no longer be allowed to linger with no progress. The motion to dismiss (Dkt. No. 89) was denied without prejudice on March 11, 2015; however, plaintiff was warned: "Plaintiff is advised that should she fail to cooperate in accomplishing this discovery she will be ordered to appear and show cause in person why her case should not be dismissed with prejudice." (Dkt. No. 95). Costs regarding the failed deposition were assessed against plaintiff and plaintiff's counsel in the amount of $6,177.71 (Dkt. No. 106), which as of the date of a June 2, 2015 hearing had not been paid.

Plaintiff failed to comply with the March 11, 2015 order, as outlined in defendant's renewed motion to dismiss (Dkt. No. 108) and amended renewed motion to dismiss (Dkt. No. 112). Plaintiff was ordered to appear personally before the court on June 2, 2015, and show cause why her case should not be dismissed with prejudice for failure to prosecute and failure to cooperate meaningfully in discovery (Dkt. No. 114).

Plaintiff appeared at the hearing without attorney Mickey Larson. She was accompanied by a local attorney who stated he was not certain if he would appear in the case or not. Plaintiff admitted that some of the ordered discovery had not been produced and that her deposition had not yet been taken, although she stated that she had provided copies of various items to her attorney, Mickey Larson. Plaintiff stated that she learned of the June 2, 2015 hearing through her own PACER account. She described a recent pattern of non-responsiveness by her attorney and stated that the relationship with her attorney had broken down completely.

A plaintiff filing a case in this court has a responsibility to prosecute that case and to cooperate in discovery. As outlined above, plaintiff has been given multiple chances and warnings. A defendant cannot be expected to spend additional time and money on a case that is not being prosecuted and where the person or entity filing suit does not cooperate in discovery. This case was filed in February 2014, sixteen months ago, and almost no progress has been made since that time, despite orders compelling discovery and costs assessed.

As such, the undersigned hereby recommends that Defendant Crystal Enterprises, Inc.'s Renewed and Amended Renewed Motion to Dismiss (Dkt. Nos. 108 and 112) be GRANTED and this matter be dismissed against defendant Crystal Enterprises, Inc. pursuant to Fed. R. Civ. P. 37(b)(2), (d), for failure to cooperate meaningfully in discovery and Fed. R. Civ. P. 41(b) and pursuant to W.D.Mich. L.Civ.R. 41.1 for want of prosecution and failure to comply with the rules and orders of this court. W.D.Mich. L.Civ.R. 41.1 states that "a district judge may enter an order of dismissal with or without prejudice, with or without costs." The undersigned recommends that the case against defendant Crystal Enterprises, Inc. be dismissed WITH PREJUDICE and WITHOUT COSTS. Timely objections to this Report and Recommendation shall be considered Plaintiff's final opportunity to show cause why this matter should not be dismissed.

A final note: Although the above history and reasoning also apply to defendant Aquatic Development Group, it appears from a review of the docket that defendant Aquatic Development Group has not joined in the motion(s) to dismiss.

**This report and recommendation shall be served on plaintiff personally by the Clerk's Office at the address provided by plaintiff.**


Date:  June 9, 2015                                     /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).