UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MISTY LAZENBY, *in her individual
capacity and as next friend of* M.L., *a
minor*,

      Plaintiff,

v

CRYSTAL ENTERPRISES, INC., d/b/a
Crystal Mountain Resort and Spa,

      Defendant/Cross-Plaintiff,

and

AQUATIC DEVELOPMENT GROUP,

      Defendant/Cross-Defendant.

_____/

Case No. 1:14-cv-120

HON. JANET T. NEFF

**OPINION AND ORDER**

Pending before the Court is Defendant Crystal Enterprises, Inc.'s Renewed Motion to Dismiss and Amended Renewed Motion to Dismiss (Dkts 108, 112). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 117), recommending that the motion be granted and:

> this matter be dismissed with prejudice against defendant Crystal Enterprises, Inc. pursuant to Fed. R. Civ. P. 37(b)(2), (d), for failure to cooperate meaningfully in discovery and Fed. R. Civ. P. 41(b) and pursuant to W.D.Mich. L.Civ.R. 41.1 for want of prosecution and failure to comply with the rules and orders of this court.

(Dkt 117 at PageID.1327). The Magistrate Judge noted, however, the difficulties faced with Plaintiff's retained counsel, Mickey Larson, and his pattern of nonresponsiveness expressed by

Plaintiff, who appeared at the show cause hearing without him (*id.* at PageID.1326).  The Report and Recommendation stated that Plaintiff's timely objections to the Report and Recommendation "shall be considered Plaintiff's final opportunity to show cause why this matter should not be dismissed" (*id.* at PageID.1327).

Plaintiff filed a *pro se* Objection to the Report and Recommendation and her Affidavit (Dkts 120, 121), which were stricken because at the time of filing, Plaintiff was still represented by counsel, attorney Mickey David Larson (Dkt 125).  However, Attorney Larson was thereafter suspended from practice in this District, based on concerns that he "ha[d] neglected multiple engagements, leading to possible adverse action against his clients," including Plaintiff in this case, and his failure to respond to the Court's order, or appear, to show cause why his privilege to practice law in this Court should not be suspended (Administrative Orders Nos. 15-AD-64, 15-AD-64-1, 15-AD-64-2).   Accordingly, Attorney Larson was removed as attorney of record for Plaintiff—subsequent to the issuance of the Report and Recommendation (Or., Dkt 125 at PageID.1442).

The matter is presently before the Court on Plaintiff's Affidavit, which the Court has construed and docketed as an Objection to the Report and Recommendation (Dkt 126).  Defendant Crystal Enterprises, Inc. has filed a Response in opposition (Dkt 129).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made, and finds Plaintiff's objection to the dismissal of Plaintiff's individual case has merit.

In her objection/affidavit, Plaintiff explains the circumstances surrounding the failure to prosecute this case, which by all appearances result not from Plaintiff's own failings but from those

of her counsel of record, Attorney Larson.  Plaintiff states that she gave Attorney Larson all of the items he requested of her, and she does not know whether those were the items ordered to be produced by the Court or whether Attorney Larson simply failed to serve Defendants with the items she gave him.  She further states that the only reason her deposition was not taken as scheduled was because Attorney Larson told her that he was physically ill and unable to attend.  Plaintiff requests that the case in her individual capacity not be dismissed, stating that she will personally timely produce all records in her possession and control and that she is ready, willing and able to appear for a deposition.  Plaintiff is, however, willing to discontinue her case as next friend of her minor child, M.L. (Dkt 126 at PageID.1446).

Defendant Crystal Enterprises, Inc. strenuously objects to Plaintiff having an opportunity to continue this case.  Defendant cites other cases in which this Court has found dismissal appropriate for a Plaintiff's failure to prosecute (Dkt 129 at PageID.1522-1525).  Defendant asserts that Plaintiff personally and willfully failed to produce outstanding discovery in this case and it is likely that further discovery issues will arise if Plaintiff is permitted to proceed with this case *pro se* (*id.* at PageID.1527).  Defendant emphasizes that Plaintiff has failed to pay court-ordered sanctions, and that Defendant has suffered substantial prejudice from costs incurred (*id.* at PageID. 1528).  Defendant argues that Plaintiff's proper remedy lies in an action against her former attorney and that dismissal of Plaintiff's case is appropriate regardless of her former counsel's actions (*id.* at PageID.-1527-1529).

The Court does not find Defendant's arguments persuasive under the circumstances presented and what appear to be unusual, egregious failings by counsel of record.  While the Magistrate Judge properly determined her recommended action of dismissal on the basis of the

record before her at the time, this Court is persuaded that the subsequent circumstances that have come to light in this case and in the disciplinary proceedings against Attorney Larson warrant a different result. Dismissal for failure to prosecute is a "harsh sanction" that the court should order only in extreme situations on a showing of "a clear record of contumacious conduct"; "contumacious" is defined as "perverse in resisting authority" and "stubbornly disobedient." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citations and internal quotations omitted). Here, the harsh sanction of dismissal of Plaintiff's case in her individual capacity is unwarranted on the record before this Court.

Accordingly, this Court declines to grant Defendant Crystal Enterprises, Inc.'s Renewed Motion to Dismiss and the Amended Renewed Motion to Dismiss (Dkts 108, 112), and declines to adopt the Report and Recommendation as the Opinion of this Court to the extent it is contrary to the determinations in this Opinion and Order. This matter will be referred back to the Magistrate Judge for further proceedings to the extent deemed appropriate by the Magistrate Judge, including the issuance of sanctions raised by the parties and, if necessary, a future recommendation of dismissal should Plaintiff fail to timely and properly prosecute this case and/or comply with orders of the Court.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (Dkt 126) is GRANTED IN PART AND DENIED IN PART; specifically, Plaintiff's objection to the dismissal of her individual case against Defendant Crystal Enterprises, Inc. is **granted**, and Plaintiff's request to discontinue the case on behalf of her child, M.L., is **granted**; however, the Court renders no decision on any other aspects of the Objection; this case will be referred back to the Magistrate Judge for continued

4

proceedings, and the Magistrate Judge may, in her discretion, consider any remaining issues as appropriate.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt 117) is APPROVED and ADOPTED as the Opinion of the Court except to the extent it is contrary to this Opinion and Order.

**IT IS FURTHER ORDERED** that Defendant Crystal Enterprises, Inc.'s Renewed Motion to Dismiss (Dkt 108) and the Amended Renewed Motion to Dismiss (Dkt 112) are DENIED without prejudice; accordingly, Co-Defendant Aquatic Development Group's Motion to Join, Adopt and Conform to Motions of Co-Defendant, Crystal Enterprises, Inc.'s Motion to Dismiss (Dkt 127) is also DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's case as next friend of the minor M.L. is DISMISSED with prejudice; the only remaining Plaintiff is Misty Lazenby, and the only remaining claims are those advanced by Plaintiff Misty Lazenby in her individual capacity.

Dated: March 23, 2016                          /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge

5